IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America ) | CR/A No. 4:19-cr-00391-DCC-2 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Natavia Necole Moses. ) | |
| ) | |
| _____ ) | |

This matter comes before the Court on Defendant's Pro Se Motion for Compassionate Release and counseled Memorandum in Support thereof, seeking reduction of her sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF Nos. 127, 132. The Government filed a Response in Opposition. ECF No. 133. At the Court's instruction, Ms. Moses filed additional supplemental information. ECF No. 135. For the reasons that follow, the Motion is denied.

## BACKGROUND

Ms. Moses pled guilty on October 15, 2019, to possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). ECF No. 57. On July 9, 2020, she was sentenced to one year and one day of imprisonment and three years of supervised release. ECF No. 124. Ms. Moses now seeks relief from her sentence on the basis that she is at high risk of becoming severely ill from COVID-19.

## APPLICABLE LAW

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) permits modification of a term of imprisonment upon motion of the defendant after exhaustion of the defendant's administrative remedies. If "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy

1

statements issued by the Sentencing Commission,"[1] the court may reduce a defendant's term of imprisonment and may impose a term of probation or supervised release that does not exceed the unserved portion of the original term of imprisonment. *Id*. The statute further instructs the court to "consider[] the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable." *Id*.; *United States v. Kibble*, 992 F.3d 326, 331 (4th Cir. 2021) (holding that "a district court may not grant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)" without considering the § 3553(a) factors). Therefore, in order to grant compassionate release pursuant to § 3582(c)(1)(A)(i), the district court must (1) find that "extraordinary and compelling reasons" warrant a reduction in the prisoner's sentence, and (2) consider the applicable § 3553(a) factors in light of the prisoner's extraordinary circumstances.[2] *Kibble*, 992 F.3d at 330, 332.

## DISCUSSION

*Exhaustion*

The First Step Act requires defendants to exhaust their administrative remedies before moving the Court for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A). To

---

[1] Although U.S.S.G. § 1B1.13(1)(A) is entitled "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)," by its terms it addresses only those requests brought "[u]pon motion of the Director of the Bureau of Prisons." It is therefore inapplicable to compassionate release motions filed by defendants pursuant to § 3582(c)(1)(A)(i). *United States v. Kibble*, 992 F.3d 326, 331 (4th Cir. 2021) (citing *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020)). Because no applicable sentencing guideline exists, "§ 3582(c)(1)(A)'s consistency requirement does not constrain the discretion of district courts." *Id*.

[2] Because the statute "does not specify what conclusion a district court must draw from the § 3553(a) factors in order to grant a motion for compassionate release," the Fourth Circuit has understood this language "as providing district courts with procedural guardrails for exercising their discretion, not creating a substantive prerequisite to compassionate release." *Kibble*, 992 F.3d at 331 n.3.

satisfy the exhaustion requirement, "incarcerated persons must first ask the [Bureau of Prisons ("BOP")] to file a motion for compassionate release on their behalf, and then, either (1) appeal the BOP's failure to bring a motion on their behalf, or (2) allow 30 days to lapse after making the request[.]"  *Kibble*, 992 F.3d at 330 n.2.

The record shows that Ms. Moses wrote to the Warden on October 31, 2020, requesting a reduction in sentence based on the COVID-19 pandemic and her medical issues.  She received a response denying her request on December 17, 2020.  ECF No. 133-1.  Accordingly, the Court finds that Ms. Moses has exhausted her administrative remedies and continues to the merits of her motion.

***Extraordinary and Compelling Reasons***

Ms. Moses argues that she is at increased risk from COVID-19 due to her health conditions, specifically asthma, obesity, and type 2 diabetes.  Courts in this district and elsewhere have found, particularly at the height of the pandemic, that the COVID-19 pandemic may constitute an extraordinary and compelling reason to reduce a defendant's sentence in conjunction with specific risk factors such as age or medical condition. *See, e.g.*, *United States v. Griggs*, 462 F. Supp. 3d 610, 620 (D.S.C. 2020); *United States v. Bing*, CR/A No. 1:15-cr-0637-JMC-1, 2020 WL4043610, at *6 (D.S.C. July 17, 2020). Moreover, the Centers for Disease Control and Prevention ("CDC") have identified type 2 diabetes, obesity, and moderate to severe asthma as conditions that "can make you more likely to get severely ill from COVID-19."  *See COVID-19*, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated May 13, 2021).

However, additional, countervailing considerations lead the Court to find that no extraordinary and compelling reason for a reduction of sentence exists in this case. First, the Court takes notice of waning COVID-19 case numbers and revised CDC guidelines, as well as the loosening of restrictions by public bodies across the country. *See COVID Data Tracker Weekly Review*, https://www.cdc.gov/coronavirus/2019-ncov/covid-data/covidview/index.html (last updated May 21, 2021). In the absence of evidence suggesting a particular risk of infection at the facility where a defendant is housed, the overall reduction in cases may indicate that the COVID-19 pandemic no longer constitutes an exceptional and compelling reason for compassionate release even in conjunction with underlying medical conditions.

Second, Ms. Moses has already successfully recovered from COVID-19 after testing positive on or about December 29, 2020, and there is no evidence that she has experienced lingering symptoms or effects. This Court joins many other district courts across the country in finding that "where inmates have recovered from COVID-19 without lingering symptoms . . . the theoretical risk of reinfection does not present a compelling reason warranting compassionate release." *United States v. Billings*, 2020 WL 4705285, at *5 (D. Colo. Aug. 13, 2020) (collecting cases); *see also United States v. Nabaya*, 2021 WL 54361, at *5 (E.D. Va. Jan. 6, 2021) ("Considering that Nabaya has already recovered from COVID-19, his asserted health conditions, without more, do not persuade this Court to grant compassionate release."); *SARS-CoV-2 Antibodies Protect from Reinfection*, National Institutes of Health, https://www.nih.gov/news-events/nih-research-matters/sars-cov-2-antibodies-protect-reinfection (Mar. 2, 2021) ("People with SARS-

CoV-2 antibodies, a sign of prior infection, were much less likely to test positive for COVID-19 in the following months.").

Finally, given Ms. Moses' projected release date of June 12, 2021, the instant motion is essentially moot as she will be imminently processed for release.

## CONCLUSION

For the reasons set forth above, Defendant's Motion for Compassionate Release [127] is **DENIED WITHOUT PREJUDICE**. Ms. Moses is free to file a renewed motion in the event of a material change in circumstances warranting a reduction of her sentence.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

May 25, 2021
Spartanburg, South Carolina

5